UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MICHAEL MILES, Individually, :
:
        Plaintiff, :
v. :
: Case No. 1:13-cv-90
TRINIDAD RESORT AND CLUB LLC., a :
Delaware Limited Liability Company, :
:
        Defendant. :
_____/ :
:
:

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
**(w/Jury Demand Endorsed Hereon)**

Plaintiff, MICHAEL MILES, Individually, (sometimes referred to as "Plaintiff"), hereby sue the Defendant, TRINIDAD RESORT AND CLUB LLC., a Delaware Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

**PARTIES**

1. Plaintiff, MICHAEL MILES, is an individual residing in FINDLAY, OH, in the County of HANCOCK.

2. Defendant's property, SHANTY CREEK RESORTS is located at 5780 Shanty Creek Road, Bellaire MI in ANTRIM County.

**JURISDICTION AND VENUE**

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is properly located in the Western District of Michigan because venue lies in the

   judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5.  Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6.  Plaintiff, MICHAEL MILES is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Michael Miles is paraplegic and uses a wheelchair for mobility. MICHAEL MILES visits Traverse City and the surrounding area, including Antrim County, Michigan, for golf trips and family vacations several times annually and has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. Michael Miles has firm plans and reservations to return to the Shanty Creek Resort to golf and stay as a Summit Village hotel guest on August 23, 24 and 25, 2013. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

7.  Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the

premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits as a golfer and hotel customer, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as a customer and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

8. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as SHANTY CREEK RESORTS is located at 5780 SHANTY CREEK ROAD, BELLAIRE, MI.

9. MICHAEL MILES has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. MICHAEL MILES desires to visit SHANTY CREEK RESORTS not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 <u>et seq</u>.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of SHANTY CREEK RESORTS has shown that violations exist. These violations include, but are not limited to:

<u>Access to goods and services and Accessible Routes</u>

    A. No single rider adaptive golf cart on the 4 course golf resort in violation of the ADA whose remedy is readily achievable

    B. Threshold at Shuss Mountain pro shop entryway in excess of 1/2 inch in violation of the ADA whose remedy is readily achievable

    C. Threshold in excess of 1/2 inch to exit Shuss Grill in violation of the ADA whose remedy is readily achievable

    D. Shuss Mountain Hole # 12 has railroad tie and stone barriers and to access green in violation of the ADA whose remedy is readily achievable

    E. Shuss Mountain Hole # 13 tee has steps to approach men's white tee in violation of the ADA whose remedy is readily achievable

    F. Shuss Mountain Hole # 14 tee has steps to approach men's blue tee in violation of the ADA whose remedy is readily achievable

    G. Shuss Mountain Hole #18 tee has steps and rock barriers blocking entry to men's blue and white tee box in violation of the ADA whose remedy is readily achievable

<u>Restroom</u>

    H. Pro shop restroom does not have sufficient clearance to enter stall due to partition in violation of the ADA whose remedy is readily achievable

<u>Parking Shuss Mountain</u>

I. Insufficient number of designated accessible parking spaces in violation of the ADA whose remedy is readily achievable

J. No designated van parking space in violation of the ADA whose remedy is readily achievable

K. Designated accessible parking spaces lack or have non-compliant access aisles in violation of the ADA whose remedy is readily achievable

Cedar River

L. No designated accessible parking at golf course club house in violation of the ADA whose remedy is readily achievable

M. No parking to accommodate a disabled golfer who trailers a personal accessible cart in violation of the ADA whose remedy is readily achievable

N. No signage designating accessible parking at the hotel resort in violation of the ADA whose remedy is readily achievable

O. Insufficient number of designated accessible parking spaces in violation of the ADA whose remedy is readily achievable

P. No accessible route from designated accessible parking to the Cedar River village lodging in violation of the ADA whose remedy is readily achievable

Q. Pro shop counters in excess of 36 inches in violation of the ADA whose remedy is readily achievable

Arnie's Grill & Pro Shop at Summit Village

R. No designated accessible parking spaces in violation of the ADA whose remedy is readily achievable

S. No signage designating accessible parking in violation of the ADA whose remedy is readily achievable

T. No van accessible parking in violation of the ADA whose remedy is readily achievable

U. No parking with adjacent access aisles in violation of the ADA whose remedy is readily achievable

V. No access to patio at Arnie's grill due to significant threshold/step in violation of the ADA whose remedy is readily achievable

W. House phone mounted in excess of designated accessible reach range in

       violation of the ADA whose remedy is readily achievable

Summit Lakeview Hotel & Restaurant

    X.    Designated accessible parking has no access aisles in violation of the ADA whose remedy is readily achievable

    Y.    No van accessible parking spaces in violation of the ADA whose remedy is readily achievable

    Z.    Shuttle services offered with no adaptive no lift van in violation of the ADA whose remedy is readily achievable

Policies & Procedures

    AA.    The operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons.

12.    The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

13.    Plaintiff restates the allegations of ¶¶1-12 as if fully rewritten here.

14.    SHANTY CREEK RESORTS, and the businesses therein, are public accommodations

and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

15. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant's property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

16. Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

17. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

### COUNT II
### VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
### M.C.L. § 37.1301 et seq.

18. Plaintiff restates the allegations of ¶¶ 1 - 1 7 as if fully rewritten here.

19. SHANTY CREEK RESORTS, and the businesses therein, are "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

20. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges, whereas, the Plaintiff paid for but was unable to golf on each of the 18 hole course at Shuss Mountain. Furthermore, Plaintiff Miles incurred great personal expense to trailer his personal adaptive golf cart to Shanty Creek due to the 4 course resort's failure to supply any adaptive carts for the use of disabled patrons. Additionally, Plaintiff Miles experienced significant barriers to parking and accessible routes throughout all parts of the resort.

21. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

for Count I, an injunction requiring Defendant to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

for Count II, compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

**JURY DEMAND**

Plaintiff demands a jury trial on liability and damages for Count II.

                              Respectfully Submitted,

                              *Counsel for Plaintiff:*

                              \s\ Owen B Dunn Jr. - dated: January 26, 2013

                              Owen B. Dunn, Jr., Esq. MI Bar Number P66315
                              Law Office of Owen B. Dunn, Jr.
                              520 Madison Ave., Suite 330
                              Toledo, OH 43604
                              (419) 241-9661
                              (419) 241-9661 – Phone
                              (419) 241-9737 - Facsimile
                              dunnlawoffice@sbcglobal.net